UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPETON FRANCIS,

    Plaintiffs,

-against-

CITY OF NEW YORK; OFFICER JOHN DOE;
EDWIN GOULD CHILDREN SERVICES;
CASE MANAGER EULIK SAMPSON,

    Defendants.

19-CV-3399 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

 Plaintiff Hopeton Francis bring this action *pro se*.[1] Plaintiff sues the City of New York, Officer John Doe, Edwin Gould Children Services, and Case Manager Eulik Sampson, alleging that Defendants violated his constitutional rights. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

 Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such

---

[1] When Plaintiff filed this action, he was incarcerated in the Willard Drug Treatment Campus in Willard, New York. On July 29, 2019, Plaintiff filed a letter indicating that he now resides in Queens, New York. *See* ECF No. 9.

defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff alleges that he was falsely arrested "on or about 12/19/2017," and that the case was dismissed on June 5, 2018. He provides a Brooklyn, New York, address for Edwin Gould Children's Services and Case Manager Eulik Sampson, and indicates that the address for the John Doe police officer is unknown. A review of the Public Access to Court Electronic Records (PACER) database reveals that, on September 17, 2018, Plaintiff filed a substantially complaint in the Eastern District of New York, asserting the same claims and naming the same Defendants. *See Francis v. City of New York*, No. 18-CV-5376 (WFW) (RER) (E.D.N.Y. Dec. 18, 2018). By order dated October 31, 2018, the Eastern District dismissed Plaintiff's claim against the City of New York and ordered Plaintiff to amend his complaint to detail his false arrest or malicious prosecution claims and to allege how Edwin Gould Children's Services and Case Manager Eulik Sampson were involved in the alleged violation of his rights. *Id.* On December 10, 2018, that order was returned to the Eastern District of New York as undeliverable, and by order dated December 14, 2018, that court dismissed without prejudice Plaintiff's complaint. *Id.*

Relevant to this order, in the complaint that Plaintiff filed in the Eastern District of New York, he notes that the John Doe police officer works in a precinct located in Brooklyn, New York. *See Francis v. City of New York*, No. 18-CV-5376 (WFW) (RER), ECF No. 1. Although the City of New York resides in this judicial district, it also resides in the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c). Thus, while this Court appears to be an appropriate venue for this action, it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action. *See* §§ 112(c), 1391(b)(2).

Even if venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The alleged underlying events occurred in Brooklyn, in the Eastern District of New York, where the related criminal proceeding was pending. In addition, it is likely that relevant documents and witnesses are located in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 31, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

4